IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| **DAVID ROBERTSON *et al.*** ) | |
| ) | Case No. 3:23-cv-00770 |
| v. ) | Chief Judge Campbell |
| ) | Magistrate Judge Holmes |
| **RYAN UPCHURCH** ) | |

**FIRST MODIFIED CASE MANAGEMENT ORDER**

Pending before the Court is the parties' joint motion for modification of case management order and to continue trial (Docket No. 39), which, for the reasons requested, is reluctantly **GRANTED IN PART** as provided for below. Further, after consultation with Chief Judge Campbell, the trial set for August 12, 2025 is **CANCELLED** to be reset by separate order of Chief Judge Campbell.[1]

In granting the motion, the Court notes that counsel for the parties were expressly directed during the initial case management conference held on November 6, 2023, to proceed promptly with written discovery and setting aside dates for depositions prior to the original discovery cut-off deadline of August 30, 2024. That instruction was memorialized in the Initial Case Management Order. (Docket No. 29 at para. G.) Other than the trial schedule of Defendant's counsel, which ostensibly allowed her three weeks of availability that she had not otherwise planned on, all the circumstances recited in the motion were known to the parties at the time they proposed the case management schedule set out in their joint proposed initial case management order (Docket No. 28), which was largely adopted by the Court. The Court is not impressed that

---

[1] The parties are reminded that requests to modify the case management schedule and to continue the trial should not be included in a single motion. A motion to modify the case management schedule is for consideration by the Magistrate Judge, while a motion to continue the trial date is for consideration by the District Judge, and the different relief should be requested in two separately filed motions.

the parties did not pay heed to the Court's explicit instructions. Nevertheless, the Court will grant the requested modifications, but with the admonition that any further noncompliance with the Court's instructions and orders will be increasingly consequential.

From the parties' joint motion (Docket No. 39) and the current case management schedule and trial date, the case management schedule and plan is modified as provided for below.

1. CASE RESOLUTION PLAN AND JOINT STATUS REPORTS. The deadline for the parties to file a joint notice of mediation details is extended from September 20, 2024 to **January 31, 2025**. The deadline for the parties to complete mediation is extended from November 15, 2024 to **March 31, 2025**. A mediation report must be filed in accordance with Local Rule 16.05(b) and by no later than **two (2) business days** following mediation. All case resolution plan details and provisions remain unchanged.

2. DISCOVERY. The deadline for the parties to complete all written discovery and depose all fact witnesses is extended from August 30, 2024 to **January 31, 2025**. The parties must promptly complete written discovery and must immediately confer about the number of days needed for depositions and set aside that number of dates on the parties' and the attorneys' calendars to be filled in with specific deponents as identified. Failure to set aside dates for depositions as instructed will be at the parties' own potential peril, as the Court will not grant further extensions of the discovery deadline based on deposition scheduling conflicts without a showing that the parties followed the Court's instructions and that the requested extension is due to some circumstance beyond the parties' control. Further, the parties are encouraged to utilize and stipulate to remote depositions or other discovery options under Fed. R. Civ. P. 29 that would facilitate expeditious and cost-effective discovery. The deadline for the parties to bring discovery disputes to the Court's attention and to file all discovery-related motions is extended from August

30, 2024 to **January 31, 2025**, unless otherwise permitted. All other provisions for discovery, including for resolution of discovery disputes, remain unchanged.

3. DISCLOSURE AND DEPOSITIONS OF EXPERTS. The deadline for Plaintiffs to identify and disclose all expert witnesses and expert reports is extended from September 20, 2024 to **February 28, 2025**. The deadline for Defendant to identify and disclose all expert witnesses and expert reports is extended from October 31, 2024 to **March 31, 2025**. The deadline for the parties to complete expert depositions is extended from January 31, 2025 to **June 10, 2025**.[2] All other provisions for disclosure and deposition of experts remain unchanged.

4. DISPOSITIVE MOTIONS. The deadline for the parties to file motions for summary judgment is extended from January 31, 2025 to **June 10, 2025**.[3] Responses to summary judgment motions must be filed **within 28 days** of the filing of the response and optional replies may be filed **within 7 days** of the filing of the reply. All other provisions for summary judgment motions, including responsive briefing page limits, restrictions on motions for partial summary judgment, and directions for preparation of statements of undisputed material facts and responses, remain unchanged.

---

[2] The parties' attention is directed to this modified deadline to complete expert depositions, which the Court has modified to conform to the modified deadline for motions for summary judgment, as the two deadlines proposed in the parties' joint motion were the same date. However, to the extent that the parties find it unnecessary for the two deadlines to correspond, they may file a motion to extend the deadline to complete expert depositions.

[3] The parties' attention is directed to this modified schedule for summary judgment motions, including the modified briefing schedule. Contrary to the statements in the parties' joint motion, the proposed extended deadline of June 30, 2025 would not allow 120 days between the dispositive motion **reply** deadline and the proposed target trial date of November 2025. This calculation is generally explained to counsel in detail during the initial case management conference.

5. OTHER CASE MANAGEMENT DEADLINES AND PROVISIONS. All other scheduling or case management deadlines and provisions found in prior orders and not modified herein remain in full force and effect.

6. ESTIMATED TRIAL TIME AND TARGET TRIAL DATE.[4] The **JURY** trial of this action is expected to last **approximately 5 to 7 days**. A new target trial date of no earlier than **November 12, 2025** would be accommodated by the modified case management schedule and is consistent with the parties' request for a new trial in November 2025. An order setting new dates for trial and a pretrial conference, and detailing the parties' pretrial obligations, will be entered separately by Chief Judge Campbell.

It is SO ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge

---

[4] The parties' motion recites that the trial date is July 29, 2025, which was the requested target trial date. However, the trial date set by Chief Judge Campbell was August 12, 2025. *See* Docket No. 31. The parties would be well served to ensure that the new trial date – whenever set by Chief Judge Campbell – is properly calendared.