**IN THE UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **DAVID ROBERTSON, ET AL.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **NO. 3:23-cv-00770** |
| **v.** | ) | |
| | ) | **JUDGE CAMPBELL** |
| **RYAN UPCHURCH,** | ) | **MAGISTRATE JUDGE HOLMES** |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant's Pretrial Motion to Apply Tennessee Procedural Law to the Appropriate California Substantive Law (Doc. No. 98). Plaintiffs filed a response opposing the motion (Doc. No. 99). For the reasons discussed below, Defendant's motion (Doc. No. 98) is **DENIED**.

## I.  ANALYSIS

### A.  California Substantive Law

Defendant first contends that Plaintiffs' claims should be treated as slander, not libel, under California law because Plaintiffs' Complaint, proposed jury instructions, and proposed verdict form are "grounded in elements that arise under Cal. Civ. Code § 46 for slander." (Doc. No. 98 at 4). Defendant asks the Court to issue a ruling that the statements at issue are treated as slander under California law and to determine which California substantive law applies in this case.

In support of his argument, Defendant relies on numerous allegations in the Complaint. (Doc. No. 98 at 5-6). Defendant is reminded that the Proposed Joint Pretrial Order submitted by the parties supplanted the pleadings. (Doc. No. 71 at 1).

The Court notes that the Proposed Joint Pretrial Order fails to address which substantive law should apply or identify this as an issue for the Court. Nonetheless, this issue is premature at this stage, and the Court will reserve ruling on which substantive law applies until hearing the proof at trial. The Court will take this up with the parties at the jury charge conference.

**B.      Statute of Limitations**

Defendant next argues that if the Court determines Plaintiffs' claims are slander and slander per se, they are time barred by the statute of limitations pursuant to Tenn. Code Ann. § 28-3-103, which provides that: "[a]ctions for slanderous words spoken shall be commenced within six (6) months after the words are uttered." Defendant states that his most recent comment about Plaintiffs was on September 7, 2022, the original Complaint was filed on July 28, 2023, and the Amended Complaint was filed on August 1, 2023, which falls outside the 6 month limitations period. (Doc. No. 98 at 8). Defendant also references a tolling agreement entered into between the parties on March 20, 2023, and argues that the tolling agreement fails to revive Plaintiffs' claims as it only tolled claims that had not already expired as of March 20, 2023, at which point Defendant contends Plaintiffs' claims had already expired.

As Plaintiffs correctly observe, Defendant admitted in his Answer that Plaintiffs' claims were timely. (*See* Pl. Compl., Doc. No. 7 ¶ 28, "Suit is timely filed pursuant to a tolling agreement agreed to by all parties on February 13, 2023" and Def. Ans., Doc. No. 37 ¶ 28, "Mr. Upchurch admits the allegations contained in Paragraph 28 of the First Amended Complaint."). Defendant also failed to plead the statute of limitations as an affirmative defense in his Answer, as required by Fed. R. Civ. P. 8(c). *See generally* Doc. No. 37.   Nor did Defendant reference a statute of limitations defense in the aforementioned Proposed Joint Pretrial Order. (Doc. No. 71).

2

Sixth Circuit law is clear that a statute of limitations defense is waived if not raised in the first responsive pleading even if a party or his counsel were unaware of possible limitations defense. *Haskell v. Wash. Twp.*, 864 F.2d 1266, 1273 (6th Cir. 1988) (citation modified) ("Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, a defense based upon a statute of limitations is waived if not raised in the first responsive pleading. It is of no importance that a party and/or his counsel were unaware of a possible statute of limitations defense."); *Wallace v. Coffee Cnty.*, 852 F. App'x 871, 875 (6th Cir. 2021) ("Wallace is correct that [a] response to a pleading must set forth any matter constituting an affirmative defense. Failure to plead an affirmative defense in the first responsive pleading to a complaint generally results in a waiver of that defense. This applies to a statute of limitations defense.").

Because Defendant failed to raise the statute of limitations defense in his Answer or the Proposed Joint Pretrial Order, file any dispositive motions addressing this issue, or raise this issue at any point before the eve of trial, the Court finds that he waived the defense. Accordingly, the Court need not rule on the applicability of the tolling agreement or whether Plaintiffs timely filed their claims.

**C.      False Light Invasion of Privacy, Intentional Infliction of Emotional Distress, and Negligent Infliction of Emotional Distress**

Defendant also contends that Plaintiffs' claims for false light invasion of privacy, intentional infliction of emotional distress, and negligent infliction of emotional distress fail as a matter of law. Specifically, Defendant argues that the oral statements at issue in this case cannot form the basis of the false light invasion of privacy claim, that the false light claim must meet the requirements of defamation and Plaintiffs' slander claims fail under Tenn. Code Ann. § 28-3-103, and that a false light tort requires a statement that is "highly offensive to a reasonable person." Defendant argues that Plaintiffs' intentional infliction of emotional distress claim fails because it

is substantially based on the same allegations of defamation and if the defamation claims are barred, this claim fails as a matter of law. Defendant also argues that negligent infliction of emotional distress is not a separate cause of action under California law and that if the defamation claims are time barred, then this claim fails as a matter of law.

The Court is unpersuaded by Defendant's argument and finds it concerning for several reasons. First, Defendant raises these issues for the first time on the eve of trial, which has likely caused surprise or confusion to Plaintiffs. Moreover, a ruling on these issues now – three days before trial is set to begin – would almost certainly prejudice Plaintiffs as the dispositive motion deadline has long passed, Plaintiffs would need an opportunity to respond to the issues raised by Defendant, and Plaintiffs have likely already fully prepared this case for trial based on the discovery, pre-trial filings, and defenses raised by Defendant up to this point. Further, the dispositive motion deadline was on June 10, 2025, and Defendant failed to raise these issues before now. Nor does Defendant offer any reason why he did not move for summary judgment at an earlier date on these claims or seek additional time to file dispositive motions.

While Defendant frames his motion as a "pretrial motion," it appears Defendant seeks various dispositive rulings from the Court on substantive issues that should have been raised well before now. The Court declines to do so and will address these issues if necessary as they come up during trial.

## II. CONCLUSION

For the reasons stated above, Defendant's motion (Doc. No. 98) is **DENIED**.

In light of the flurry of recent filings made by the parties on a number of evidentiary and other procedural and substantive issues, the Court reminds the parties to focus on trial preparation and encourages the parties to communicate with one another before any subsequent filings and

adhere to the trial conduct and local and procedural rules discussed during the Pretrial Conference to minimize confusion, streamline the issues for trial, promote efficiency, and preserve judicial resources.

Finally, the Court entered a separate Order ruling on the Plaintiffs' public figure status. (Doc. No. 102). In light of that ruling, counsel for the parties are ordered to meet in person on or before Monday, May 11, 2026, to engage in good faith discussions regarding a resolution of this case.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE