EXHIBIT A

Shrum & Disney associates, pc

*Via Electronic Mail, Text, & FedEx*

**Attorneys & Staff**
Barry Neil Shrum, Esq.
Dennis G. Disney, Esq.
Jennifer McDonnell, Esq.

October 9, 2026

Mr. Ryan Upchurch
294 Ed Harris Road
Ashland City, Tennessee 37015

and

246 East Kingston Springs Rd.
Kingston Springs, Tennessee 37082

**Re: Notice of Withdrawal in the matters of *Robertson and Rodni v Upchurch*, Case No. 3:23-cv-00770 and *Garnier v Upchurch*, Case No. 3:23-cv-01478, United States District Court for the Middle District of Tennessee**

Dear Ryan,

This letter serves as formal notice that Barry Shrum and I, on behalf of our firm, Shrum Disney & Associates, PC, are filing a motion asking the United States Federal Court for the Middle District of Tennessee for leave to withdraw as your counsel in the two matters in which we are still the attorneys of record for you. Pursuant to court rules, we expect to file our motion on or about **October 23, 2026**. Until the court actually enters an order relieving us, we are still your attorneys of record in both the Robertson-Rodni and the Garnier matters, respectively.

We didn't reach this decision lightly, and we didn't reach it quickly. But on October 9, 2026, you announced publicly, on your social media channel and to its thousands of followers, that neither Dennis Disney nor Barry Shrum represents you. That announcement sealed it. *https://www.youtube.com/shorts/ToycVvktjFU*

There are five circumstances that bring us here. Each one affects the attorney-client relationship, and together they've made our continued representation of you untenable:

1. You have now, publicly, declared we are no longer your attorneys.
2. You haven't fulfilled your obligations relating to the representation, including outstanding fee obligations;
3. Because of this, you have created a substantial burden on the firm and have made it unreasonably difficult for us to represent you;
4. You haven't cooperated or communicated adequately on matters the representation can't move forward without; and

5. The attorney-client relationship has broken down to the point that it has materially impaired our ability to continue representing you effectively.

I want to be clear about what this letter does and what it doesn't do. It doesn't end the representation. Only the Court can do that. We'll seek the Court's permission to withdraw, and we'll comply with any procedures or conditions the Court imposes. Until the Court grants that permission, we remain your counsel of record in the Robertson-Rodni and Garnier matters, and we'll continue to meet our professional obligations and every court deadline in this case.

Here's what we need from you. You need to consult with and retain substitute counsel, and do it promptly. The docket won't stand still while you search. You remain responsible for complying with all court orders, deadlines, and other obligations in this matter unless and until the Court orders otherwise. Once you've retained new counsel, please have that attorney contact our office so we can arrange an orderly transition.

Nothing in this letter waives any rights or remedies concerning unpaid fees or other obligations.

Because you have ignored so many of my previous communications, this letter is being sent to you by email, by text, and via FedEx to the two addresses above.

Sincerely,

Dennis G. Disney

cc: Barry Shrum, Esq./Shrum Disney & Associates
Jennifer McDonnell, Esq./Shrum Disney & Associates
Tia Bailiff, Esq./Bailiff Law