IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **DAVID ROBERTSON, et al.,** Plaintiffs, v. **RYAN UPCHURCH,** Defendant. | ) | **NO. 3:23-cv-00770** **JUDGE CAMPBELL** **MAGISTRATE JUDGE HOLMES** |

## NOTICE OF COMPLIANCE AND DECLARATION OF DENNIS G. DISNEY REGARDING ORDER (DOC. NO. 129)

Defendant RYAN UPCHURCH ("Upchurch" or "Defendant"), by and through undersigned counsel, gives notice that counsel has complied with this Honorable Court's Order entered October 13, 2026 (Doc. No. 129) (the "Order"), which directed Defendant's counsel to transmit the Order to Defendant by all available means and to file a notice confirming compliance. In support, undersigned counsel submits the following declaration.

I, Dennis G. Disney, declare as follows:

1. I am an attorney licensed to practice in the State of Tennessee and admitted to practice before this Court. I'm a member of Shrum Disney & Associates PC and counsel of record for Defendant in this action. I have personal knowledge of the facts stated in this declaration and, if called as a witness, could and would testify competently to them.

2. On October 13, 2026, the Court entered the Order. It set a hearing on Plaintiffs' Expedited Motion and Memorandum of Law for an Order Prohibiting Defendant from Threatening or Harassing Plaintiffs' Counsel and their Families (Doc. No. 128) for October 29, 2026, at 10:00 a.m. The Order requires Upchurch to personally attend that hearing and warns that failure to appear may result in sanctions, including a finding of contempt of court.

3. Pursuant to the Order, I transmitted a complete copy of the Order to Upchurch by every means of contact available to me. Each transmission is described below.

4. Email. On October 14, 2026, at 8:32 a.m., I emailed a copy of the Order, as an attachment, to Upchurch at the email address I have on file for him. In the same email, I sent a copy of the Order to Upchurch's personal attorney, Tia Bailiff of Bailiff Law ("Bailiff"). A true and correct copy of that email is attached as Exhibit A. A true and correct copy of the email delivery receipt is attached as Exhibit B.

5. Text Message. On October 14, at 8:35 a.m., I sent a group text message to Upchurch's cell phone and to Bailiff's cell phone, with a copy of the Order attached. That cell phone number is the only telephone number I have for him. A true and correct copy of a screen shot of the text message, showing the Order as also sent, is attached as Exhibit C.

6. FedEx-1. On October 13, 2026, I sent a copy of the Order by FedEx 2-day delivery to Upchurch's home address in Ashland City, Tennessee. According to FedEx tracking records, FedEx envelope was delivered on October 15, 2026. True and correct copies of the FedEx shipping label and delivery confirmation (with residential address, phone number, and tracking number redacted) are attached as Exhibits C and D, respectively. I have not listed the full residential addresses, phone number, or tracking number in this public filing, but I'll provide them to the Court under seal upon request.

7. FedEx-2. Subsequently, after having learned Upchurch was at his home in Kingston Springs, Tennessee, on October 20, 2026, I sent another copy of the Order by FedEx overnight delivery to Upchurch's home address in Kingston Springs, Tennessee. According to FedEx tracking records, the package was delivered on October 21, 2026. True and correct copies of the FedEx shipping label and delivery confirmation (with residential address, phone number, and

tracking number redacted) are attached as Exhibits E and F, respectively. I have not listed the full residential addresses, phone number, and tracking number in this public filing, but I'll provide them to the Court under seal upon request.

8. Voicemail. On October 21, 2026, at 2:43 p.m., after having no personal acknowledgment from Upchurch on any of the contacts listed in Sections 4 through 7 above, I called Upchurch's cell phone. He didn't answer, so I left a detailed voice message. In that message, I advised him that the Court has ordered him to personally appear at a hearing in this case on October 29, 2026, at 10:00 a.m.; that failure to appear may result in sanctions, including a finding of contempt of court; and that I had sent him a copy of the Order by email, text message, and FedEx.

9. I do not have any other telephone number, email address, or physical address for Upchurch. I've used every one I have.

10. As of the date of this declaration, Upchurch has not acknowledged receipt of the Order.

11. Accordingly, I have complied with the Order's directive to transmit the Order to Defendant by all available means. In an effort to secure acknowledgment from Upchurch that he is aware that he is compelled to appear in court on October 29, 2026, at 10:00 a.m., I will text, email, and telephone him again before Monday, October 26, 2026.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 21, 2026, in Nashville, Tennessee.

/s/ Dennis G. Disney
Dennis G. Disney

Respectfully submitted,

/s/ Dennis G. Disney

Dennis G. Disney (BPR No. 041547
SHRUM DISNEY & ASSOCIATES PC
54 Music Square E, Suite 350
Nashville, Tennessee 37203
(615) 338-5130
dennis@shrumdisney.com
*Counsel for Defendant Ryan Upchurch*

## CERTIFICATE OF SERVICE

I certify that on October 21, 2026, a copy of the foregoing was filed through the Court's CM/ECF system and also sent via email to the following counsel of record:

Christopher Smith
csmith@drslawfirm.com

David Randolph Smith
drs@drslawfirm.com

Dominick R. Smith
dom@drslawfirm.com

David Anthony Smith
das@drslawfirm.com

DRS LAW
1913 21st Avenue South
Nashville, Tennessee 37212
*Counsel for Plaintiffs*

/s/ Dennis G. Disney
Dennis G. Disney