**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| DAVID ROBERTSON and DANIEL RODNI, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 3:23-cv-00770 |
| | ) | |
| v. | ) | Chief Judge William L. Campbell, Jr. |
| | ) | Magistrate Judge Barbara D. Holmes |
| RYAN UPCHURCH, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION OF DENNIS G. DISNEY, BARRY NEIL SHRUM, AND SHRUM DISNEY & ASSOCIATES, P.C. TO WITHDRAW AS COUNSEL FOR DEFENDANT RYAN UPCHURCH, AND MEMORANDUM OF LAW IN SUPPORT**

## MOTION

Dennis G. Disney, Barry Neil Shrum, and Shrum Disney & Associates, P.C. (collectively, "Counsel") move under Local Rule 83.01(g) and Rule 1.16 of the Tennessee Rules of Professional Conduct, Tenn. Sup. Ct. R. 8, for leave to withdraw as attorneys of record for Defendant RYAN UPCHURCH ("Mr. Upchurch"). Mr. Upchurch has told Counsel, and then told the public, that Counsel don't represent him. He hasn't communicated meaningfully with Counsel since July 2026, and he hasn't paid Counsel in approximately four months. Counsel gave him written notice of their intent to withdraw on October 9, 2026, more than fourteen (14) days before seeking leave.

Counsel ask the Court to (a) grant them leave to withdraw; (b) direct the Clerk to update the docket with Mr. Upchurch's mailing and email addresses for service; (c) direct Mr. Upchurch, within thirty (30) days, to have substitute counsel appear or to file notice that he will proceed *pro se*; and (d) confirm that withdrawal does not alter the pending Renewed Motion for Judgment as a Matter of Law (Doc. No. 118) or any existing deadline. The grounds for the Motion are set out in

the Memorandum of Law below and in the Declaration of Dennis G. Disney ("Disney Decl."), attached as **Exhibit E**.

**Conference with counsel (LR 7.01(a)(1)).** On October 28, 2026, Counsel conferred with Christopher W. Smith, counsel for Plaintiffs, who stated that Plaintiffs do not oppose the relief requested.

## MEMORANDUM OF LAW

## I. INTRODUCTION

This Motion asks the Court to give effect to a decision Mr. Upchurch has already made. In a video posted to social media in October 2026, he addressed Counsel by name and said, "You don't work for me. You don't speak for me." (Ex. D.) That is a discharge, and under RPC 1.16(a)(3) a discharged lawyer must withdraw. Rule 1.16(b) independently permits withdrawal on this record, because Mr. Upchurch has stopped communicating with Counsel and stopped paying them.

Withdrawal also won't delay this case. Trial is over. The jury returned its verdict on May 18, 2026, and the only matter pending is Mr. Upchurch's Renewed Motion for Judgment as a Matter of Law, which is before the Court for decision. Counsel have complied with Local Rule 83.01(g). Under *Brandon v. Blech*, 560 F.3d 536, 538 (6th Cir. 2009), withdrawal on these facts is presumptively appropriate.

## II. FACTUAL BACKGROUND AND PROCEDURAL POSTURE

**A. The litigation through judgment.** Plaintiffs David Robertson and Daniel Rodni filed this action on July 28, 2023, and amended their complaint on August 1, 2023, asserting defamation and related tort claims arising from videos Mr. Upchurch published about the 2022 disappearance and death of Kiely Rodni. (Doc. Nos. 1, 9.) The Court denied Mr. Upchurch's motion to dismiss,

holding that California substantive law governs. (Doc. No. 33, 34.) Mr. Upchurch was represented by other counsel through the motion-to-dismiss stage. Dennis G. Disney entered his appearance on November 12, 2025, and Barry Neil Shrum entered his appearance on May 2, 2026. (Disney Decl. ¶ 2; Doc. Nos. 55, 90.)

The case was tried to a jury in May 2026. On May 18, 2026, the jury returned a verdict for Plaintiffs. (Doc. No. 112.) Judgment was entered on May 20, 2026. (Doc. No. 116.) On June 17, 2026, Counsel filed Mr. Upchurch's Renewed Motion for Judgment as a Matter of Law under Fed. R. Civ. P. 50(b). (Doc. No. 118; Disney Decl. ¶ 2.) Plaintiffs responded on July 31, 2026 (Doc. No. 127). That motion remains pending.

**B. Post-judgment proceedings.** On October 8, 2026, Plaintiffs filed a Motion Prohibiting Harassment of Counsel (Doc. No. 128.) On October 13, 2026, the Court entered an order (Doc. No. 129) setting a hearing on October 29, 2026, and directing Counsel to contact Mr. Upchurch regarding his mandated appearance in-person at the hearing.

**C. Mr. Upchurch has disavowed the representation.** On October 9, 2026, Counsel sent Mr. Upchurch written notice that they intended to seek leave to withdraw. (Ex. A; Disney Decl. ¶ 7.) He replied by text the same day: "I already noticed your withdrawal. Glad you finally realized it yourself." (Ex. B; Disney Decl. ¶¶ 3, 8.) During the week of October 12, 2026, a published video on YouTube addressed Counsel by name:

> Dennis Disney and Barry Shrum with Disney Shrum downtown. You don't work for me. You don't speak for me. You're not attached to Ryan Upchurch in any way.

(Ex. D; Disney Decl. ¶ 4.)

**D. Communication has ceased.** Since approximately July 23, 2026, Mr. Upchurch hasn't responded meaningfully, if at all, to Counsel's calls, emails, or texts on matters the representation depends on. (Disney Decl. ¶ 5.) Counsel's declaration identifies at least ten separate attempts to

reach him between July 23 and October 27, 2026, on time-sensitive matters in this case, on the pending post-judgment proceedings, and on this Motion. (*Id.*) Most went unanswered. When Counsel texted him on September 15, 2026, his only reply was "Stop texting me." (*Id.*) Between October 14 and October 22, 2026, Counsel again contacted Mr. Upchurch by email, text, voicemail, and FedEx letters to both of his addresses, without response. (*Id.*; Ex. C.) Counsel tried once more by detailed text and email on October 27, 2026. (Disney Decl. ¶ 5.) He hasn't responded.

Mr. Upchurch has not been without counsel during this period. Tia Bailiff of Bailiff Law, LLC, whom Mr. Upchurch has engaged as his personal attorney, was copied on Counsel's October communications. Ms. Bailiff called Counsel and confirmed that she had spoken with Mr. Upchurch about the Court's order and the hearing date. (*Id.*)

**E. Payment.** Mr. Upchurch's engagement of Counsel in the instant case is governed by a written engagement agreement that obligates him to pay Counsel's invoices. He has made no payment in four (4) months, despite twenty-one (21) emails and/or statements requesting payment, and he hasn't cured the default. (Disney Decl. ¶ 6.)

**F. Substitute counsel.** Mr. Upchurch hasn't told Counsel that he has retained substitute counsel, and no substitute counsel has contacted Counsel. (Disney Decl. ¶ 9.)

## III. LEGAL STANDARD

Local Rule 83.01(g) governs withdrawal of counsel in this District:

> Any attorney desiring to withdraw as the attorney of record for a party must file a motion to withdraw, which must set forth the reasons for the withdrawal request and must certify that such attorney has given written notice to the client of the attorney's intention to withdraw from the case. A copy of the notice must be appended as an exhibit to the motion to withdraw. Such notice to the client must be given at least fourteen (14) days prior to the filing of the motion to withdraw. Ordinarily counsel will not be allowed to withdraw if such withdrawal will delay trial or other pending matters in the case.

M.D. Tenn. L.R. 83.01(g).

The Court has adopted the Tennessee Rules of Professional Conduct as the standard of conduct for its bar. M.D. Tenn. L.R. 83.01(c)(6). Rule 1.16 of those Rules provides that, once a representation has commenced, a lawyer "shall withdraw" if "the lawyer is discharged." Tenn. Sup. Ct. R. 8, RPC 1.16(a)(3). Rule 1.16(b) also permits a lawyer to withdraw if:

> (5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
>
> (6) the representation will result in an unanticipated and substantial financial burden on the lawyer or has been rendered unreasonably difficult by the client; [or]
>
> (7) other good cause for withdrawal exists[.]

RPC 1.16(b)(5)-(7). In either case, the lawyer must obtain the tribunal's permission where the law requires it, RPC 1.16(c), and must take reasonably practicable steps to protect the client's interests, RPC 1.16(d).

Whether to permit withdrawal is within the Court's discretion, and the Sixth Circuit looks to the governing local and ethical rules for guidance. *Brandon*, 560 F.3d at 537-38. Those rules "stop short of guaranteeing a right to withdraw," but "they confirm that withdrawal is presumptively appropriate where the rule requirements are satisfied." *Id.* at 538. A court may deny withdrawal that "would work severe prejudice on the client or third parties." *Id.* Leaving the client without counsel does not, by itself, amount to severe prejudice. *Id.*; *see also King v. Curtis*, 610 F. App'x 534 (6th Cir. 2015).

## IV. ARGUMENT

**A. Counsel have complied with Local Rule 83.01(g).**

The Local Rule has four requirements, and each is met. First, this filing states the reasons for withdrawal: discharge, a public disavowal of the representation, a breakdown in communication, and non-payment. Second, Counsel gave Mr. Upchurch written notice of their intent to withdraw on October 9, 2026, by email, by text message, and by U.S. Mail to both of his known addresses. (Ex. A; Disney Decl. ¶ 7.) Third, a copy of that notice is attached as Exhibit A. Fourth, Counsel gave the notice at least fourteen (14) days before moving to withdraw. Mr. Upchurch received the notice; he replied to it the same day. (Ex. B.)

**B. Mr. Upchurch has discharged Counsel, so RPC 1.16(a)(3) requires withdrawal.**

A client may discharge his lawyer at any time, with or without cause. RPC 1.16 cmt. [4]. Once that happens, the lawyer "shall withdraw." RPC 1.16(a)(3). In pending litigation, the only remaining step is the Court's leave. RPC 1.16(c); L.R. 83.01(g).

Mr. Upchurch's discharge of Counsel is unambiguous. In his October video, he named Mr. Disney and Mr. Shrum and told them, "You don't work for me. You don't speak for me. You're not attached to Ryan Upchurch in any way." (Ex. D.) His text reply to Counsel's notice treated the representation as already over. (Ex. B.) A month earlier, when Counsel texted him, he responded, "Stop texting me." (Disney Decl. ¶ 5.) A client who tells his lawyers, in public, that they don't speak for him has discharged them.

Keeping Counsel in the case would also conflict with Mr. Upchurch's own choice in a practical way. While an attorney remains of record for a party, that party "may not thereafter appear or act in their own behalf." L.R. 83.01(e)(3). Mr. Upchurch has said he doesn't want Counsel to speak for him. Granting the Motion removes Counsel and leaves him free to proceed through counsel of his choosing or on his own.

**C. Rule 1.16(b) independently permits withdrawal.**

Even apart from the discharge, three grounds under RPC 1.16(b) support withdrawal. Any one of them is sufficient.

*Non-payment, RPC 1.16(b)(5).* Mr. Upchurch's engagement agreement obligates him to pay Counsel's invoices. He has paid nothing in approximately four months, despite repeated statements requesting payment. (Disney Decl. ¶ 6.) Counsel's October 9, 2026 notice identified his unmet payment obligations as a ground for withdrawal, and he still hasn't cured the default. (Ex. A; Disney Decl. ¶ 6.) In *Brandon*, the Sixth Circuit held that a client's refusal to pay was "undoubtedly a substantial failure" to fulfill an obligation to the lawyer and "supplied good cause for withdrawal." 560 F.3d at 538. The court reversed the district court's denial of withdrawal on that record. *Id.* at 538-39.

*Representation rendered unreasonably difficult, RPC 1.16(b)(6).* Since July 2026, Mr. Upchurch has not engaged with Counsel on matters that required his input, including time-sensitive matters in this case and the post-judgment proceedings now before the Court. (Disney Decl. ¶ 5.) Counsel cannot obtain instructions from a client who doesn't respond, and a lawyer can't effectively represent a client who has asked him to stop making contact.

*Other good cause, RPC 1.16(b)(7).* The discharge, the public statement, the lack of communication, and the non-payment together reflect a complete breakdown of the attorney-client relationship. That breakdown is good cause in its own right.

**D. Withdrawal will not delay any pending matter or prejudice any party.**

Local Rule 83.01(g) provides that counsel ordinarily won't be permitted to withdraw if withdrawal "will delay trial or other pending matters in the case." That concern isn't present here.

Trial is over. The Renewed Motion for Judgment as a Matter of Law (Doc. No. 118) is fully briefed and awaits the Court's decision, and nothing further is required of defense counsel for the Court to rule. *Brandon* found no severe prejudice where the case had no imminent deadlines and the client had time to retain new counsel. 560 F.3d at 538. The same is true here.

Mr. Upchurch won't be prejudiced. He is an individual and may conduct his case personally or through counsel of his choosing. 28 U.S.C. § 1654. He has known of Counsel's intent since October 9, 2026. (Ex. A; Ex. B.) He also has a lawyer, Ms. Bailiff, who has discussed the Court's order and the hearing date with him. (Disney Decl. ¶ 5.) And the situation he now faces is the one he chose when he told Counsel they don't work for him.

Plaintiffs won't be prejudiced either. Counsel's continued presence on the docket, for a client who has disclaimed them, would create uncertainty about who speaks for Mr. Upchurch. Withdrawal resolves that uncertainty.

Counsel will also take the steps RPC 1.16(d) requires. They will deliver Mr. Upchurch's file to him or to substitute counsel, forward to him any order entered on the Rule 50(b) motion, and advise him in writing that the time to file a notice of appeal runs from entry of the order disposing of that motion. Fed. R. App. P. 4(a)(4)(A)(i); Disney Decl. ¶ 10.

**E. Counsel have limited their disclosures consistent with RPC 1.6.**

The Comment to RPC 1.16 recognizes that a court may ask for an explanation of a withdrawal, while the lawyer may be bound to keep confidential the facts that would supply it. RPC 1.16 cmt. [3]. The Tennessee Supreme Court has disciplined a lawyer for revealing client confidences, without consent, in support of a request for relief from a representation. Because Plaintiffs hold a judgment against Mr. Upchurch, Counsel have not stated the amount owed or

other financial details in this public filing. Counsel will submit the engagement agreement, the unpaid invoices, and a supplemental declaration for *in camera* review if the Court wishes.

## V. CONCLUSION

Mr. Upchurch has told Counsel, and the public, that Counsel don't represent him. Counsel have complied with Local Rule 83.01(g), RPC 1.16(a)(3) requires withdrawal, and RPC 1.16(b) independently permits it. Withdrawal will not delay any pending matter.

Counsel therefore respectfully pray that this Honorable Court:

(a) grant this Motion and permit Dennis G. Disney, Barry Neil Shrum, and Shrum Disney & Associates, P.C. to withdraw as attorneys of record for Defendant Ryan Upchurch;

(b) direct the Clerk to update the docket to reflect Mr. Upchurch's mailing addresses (physical addresses will be provided *in camera* to the Court) and email address (also to be provided *in camera*) for service until substitute counsel appears;

(c) direct Mr. Upchurch, within thirty (30) days, either to cause substitute counsel to enter an appearance or to file notice that he will proceed *pro se*;

(d) confirm that withdrawal does not stay or alter the Renewed Motion for Judgment as a Matter of Law (Doc. No. 118) or any existing deadline; and

(e) grant such other relief as the Court considers just.

Dated: October 28, 2026

Respectfully submitted,

/s/ Dennis G. Disney
DENNIS G. DISNEY (BPR No. 041547)
/s/ Barry Neil Shrum
BARRY NEIL SHRUM (BPR No. 019703)
SHRUM DISNEY & ASSOCIATES, P.C.
54 Music Square East, Suite 350
Nashville, Tennessee 37203

Telephone: (615) 338-5130
[email] | [email]

*Attorneys for Defendant Ryan Upchurch*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing, with its exhibits and the proposed Order, was served via the Court's EM/CEF filing system and by electronic mail on October 28, 2026, to the following counsel of record. I further certify that on the same date I served a copy of the foregoing, with its exhibits and the proposed Order, on Defendant Ryan Upchurch by electronic mail, by text message, and by U.S. Mail at his two home addresses, with a courtesy copy by email to Tia Bailiff, Bailiff Law, LLC.

Christopher W. Smith, Esq.
csmith@drslawfirm.com

David Randolph Smith, Esq.
drs@drslawfirm.com

David Anthony Smith, Esq.
das@drslawfirm.com

Dominick R. Smith, Esq.
dom@drslawfirm.com

Law Offices of David Randolph Smith
1913 21st Avenue South
Nashville, TN 37212
(615) 742-1775

/s/ Dennis G. Disney
DENNIS G. DISNEY

## INDEX OF EXHIBITS

| Exhibit | Description |
|---|---|
| A | October 9, 2026 written notice of intent to withdraw (LR 83.01(g)) |
| B | Screenshot of Mr. Upchurch's October 9, 2026 text reply to the notice |
| C | FedEx delivery confirmations for Counsel's October 2026 letters to both addresses |
| D | Screenshot and transcript of Mr. Upchurch's October 2026 YouTube video; native file lodged by Notice of Conventional Filing |
| E | Declaration of Dennis G. Disney under 28 U.S.C. § 1746 |