EXHIBIT A

*Via Electronic Mail, Text, & FedEx*

**Attorneys & Staff**
Barry Neil Shrum, Esq.
Dennis G. Disney, Esq.
Jennifer McDonnell, Esq.

October 9, 2026

Mr. Ryan Upchurch
294 Ed Harris Road
Ashland City, Tennessee 37015

and

246 East Kingston Springs Rd.
Kingston Springs, Tennessee 37082

**Re: Notice of Withdrawal in the matters of *Robertson and Rodni v Upchurch*, Case No. 3:23-cv-00770 and *Garnier v Upchurch*, Case No. 3:23-cv-01478, United States District Court for the Middle District of Tennessee**

Dear Ryan,

This letter serves as formal notice that Barry Shrum and I, on behalf of our firm, Shrum Disney & Associates, PC, are filing a motion asking the United States Federal Court for the Middle District of Tennessee for leave to withdraw as your counsel in the two matters in which we are still the attorneys of record for you. Pursuant to court rules, we expect to file our motion on or about **October 23, 2026**. Until the court actually enters an order relieving us, we are still your attorneys of record in both the Robertson-Rodni and the Garnier matters, respectively.

We didn't reach this decision lightly, and we didn't reach it quickly. But on October 9, 2026, you announced publicly, on your social media channel and to its thousands of followers, that neither Dennis Disney nor Barry Shrum represents you. That announcement sealed it. *https://www.youtube.com/shorts/ToycVvktjFU*

There are five circumstances that bring us here. Each one affects the attorney-client relationship, and together they've made our continued representation of you untenable:

1. You have now, publicly, declared we are no longer your attorneys.
2. You haven't fulfilled your obligations relating to the representation, including outstanding fee obligations;
3. Because of this, you have created a substantial burden on the firm and have made it unreasonably difficult for us to represent you;
4. You haven't cooperated or communicated adequately on matters the representation can't move forward without; and

5. The attorney-client relationship has broken down to the point that it has materially impaired our ability to continue representing you effectively.

I want to be clear about what this letter does and what it doesn't do. It doesn't end the representation. Only the Court can do that. We'll seek the Court's permission to withdraw, and we'll comply with any procedures or conditions the Court imposes. Until the Court grants that permission, we remain your counsel of record in the Robertson-Rodni and Garnier matters, and we'll continue to meet our professional obligations and every court deadline in this case.

Here's what we need from you. You need to consult with and retain substitute counsel, and do it promptly. The docket won't stand still while you search. You remain responsible for complying with all court orders, deadlines, and other obligations in this matter unless and until the Court orders otherwise. Once you've retained new counsel, please have that attorney contact our office so we can arrange an orderly transition.

Nothing in this letter waives any rights or remedies concerning unpaid fees or other obligations.

Because you have ignored so many of my previous communications, this letter is being sent to you by email, by text, and via FedEx to the two addresses above.

Sincerely,

Dennis G. Disney

cc: Barry Shrum, Esq. / Shrum Disney & Associates
Jennifer McDonnell, Esq. / Shrum Disney & Associates
Tia Bailiff, Esq. / Bailiff Law

EXHIBIT B


To: Ryan Upchurch
Tia Bailiff
iMessage
Encrypted
Fri, Oct 9 at 3:51 PM
PDF
2026-1009 Ryan Upchurch...
PDF Document · 300 KB
Ryan Upchurch
I already noticed your withdrawal. Glad you finally realized it yourself.
RU
Edited

EXHIBIT C

After printing this label:
**CONSIGNEE COPY - PLEASE PLACE IN FRONT OF POUCH**
1. Fold the printed page along the horizontal line.
2. Place label in shipping pouch and affix it to your shipment.

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com. FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

ORIGIN ID:RNCA 16153385130
DENNIS DISNEY, ESQ.
SHRUM DISNEY & ASSOCIATES
54 MUSIC SQ E
STE 350
NASHVILLE, TN 37203
UNITED STATES US

SHIP DATE: 14OCT26
ACTWGT: 1.00 LB
CAD: 308600009/INET4762

BILL CREDIT CARD

TO RYAN UPCHURCH
[redacted]

58KJ1/70DF/484B

INV:
PO:
DEPT:

FedEx Express

E

J26102601 2001uv

FRI - 16 OCT 12:00P
MORNING 2DAY
RES

TRK# 0201 [redacted]

BNAA 37015
TN-US BNA

2A NASLG

FedEx

October 21, 2026

Dear Customer, [redacted] [redacted]

The following is the proof-of-delivery for tracking number: [redacted]

**Delivery Information:**

| | | | |
|---|---|---|---|
| **Status:** | Delivered | **Delivered To:** | Residence |
| **Signed for by:** | | **Delivery Location:** | |
| **Service type:** | FedEx 2Day AM | | |
| **Special Handling:** | Deliver Weekday; Residential Delivery | | [redacted] TN, |
| | | **Delivery date:** | Oct 15, 2026 09:55 |

**Shipping Information:**

| | | | |
|---|---|---|---|
| **Tracking number:** | [redacted] | **Ship Date:** | Oct 14, 2026 |
| | | **Weight:** | 0.5 LB/0.23 KG |

**Recipient:**

[redacted], TN, US,

**Shipper:**

Nashville, TN, US,

Proof-of-delivery details appear below; however, no signature is available for this FedEx Express shipment because a signature was not required.

Thank you for choosing FedEx

ORIGIN ID:RNCA 16153385130
DENNIS DISNEY
SHRUM DISNEY & ASSOCIATES
54 MUSIC SQ E
STE 350
NASHVILLE, TN 37203
UNITED STATES US

SHIP DATE: 20OCT26
ACTWGT: 1.00 LB
CAD: 308600009/INET4762

BILL CREDIT CARD

TO **RYAN UPCHURCH**
[redacted]

INV:
PO: REF: DEPT:

58KJ1/70DF/484B

FedEx Express

J26102601 2001uv

**WED - 21 OCT 1:30P**
**PRIORITY OVERNIGHT**
**RES**

TRK# 0201 [redacted]

**BNAA 37082**

**2A NASLG** **TN-US** **BNA**

[redacted]

After printing this label:
**CONSIGNEE COPY - PLEASE PLACE IN FRONT OF POUCH**
1. Fold the printed page along the horizontal line.
2. Place label in shipping pouch and affix it to your shipment.

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com. FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

[redacted]

FedEx [redacted] [redacted] October 21, 2026

Dear Customer,

The following is the proof-of-delivery for tracking number: [redacted]

**Delivery Information:**

| | | | |
|---|---|---|---|
| **Status:** | Delivered | **Delivered To:** | Residence |
| **Signed for by:** | | **Delivery Location:** | |
| **Service type:** | FedEx Priority Overnight | | |
| **Special Handling:** | Deliver Weekday;<br>Residential Delivery | | [redacted], TN, |
| | | **Delivery date:** | Oct 21, 2026 11:05 |

**Shipping Information:**

| | | | |
|---|---|---|---|
| **Tracking number:** | [redacted] | **Ship Date:** | Oct 20, 2026 |
| | | **Weight:** | 0.5 LB/0.23 KG |

**Recipient:**

[redacted], TN, US,

**Shipper:**

Nashville, TN, US,

Proof-of-delivery details appear below; however, no signature is available for this FedEx Express shipment because a signature was not required.

Thank you for choosing FedEx

EXHIBIT D

**EXHIBIT D**

**Screenshot and Transcript of YouTube video**

https://www.youtube.com/shorts/ToycVvktjFU

[Transcript]

"Dennis Disney and Barry Shrum with Disney Shrum downtown. You don't work for me. You don't speak for me. You're not attached to Ryan Upchurch in any way. Why you think you work for me and why you think you speak for me and why you think you're attached to Ryan Upchurch? I don't know, because you don't. Is your brain messed up or something? What's happening? Didn't I tell you goofy bastards, 'no smithin' around'?"

[Screenshot]



IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| DAVID ROBERTSON and DANIEL RODNI, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 3:23-cv-00770 |
| | ) | |
| v. | ) | Chief Judge William L. Campbell, Jr. |
| | ) | Magistrate Judge Barbara D. Holmes |
| RYAN UPCHURCH, | ) | |
| | ) | |
| Defendant. | ) | |

**DECLARATION OF DENNIS G. DISNEY IN SUPPORT OF MOTION TO WITHDRAW AS ATTORNEYS OF RECORD FOR DEFENDANT RYAN UPCHURCH**

I, Dennis G. Disney, declare as follows:

1. I'm over eighteen (18) years of age and competent to make this Declaration. I'm an attorney licensed in Tennessee (BPR No. 041547), admitted to practice before this Court, and a member of Shrum Disney & Associates, P.C. (the "Firm"). I make this Declaration on personal knowledge, in support of the Motion of Dennis G. Disney, Barry Neil Shrum, and the Firm (collectively, "Counsel") to Withdraw as Attorneys of Record for Defendant Ryan Upchurch.

2. Counsel appear as attorneys of record for Mr. Upchurch in this action. Attorney Disney entered his appearances on November 12, 2025, and Attorney Shrum entered his appearance on May 2, 2026. Counsel represented Mr. Upchurch at the trial that concluded with the jury's verdict on May 18, 2026, and Counsel filed a Renewed Motion for Judgment as a Matter of Law on June 17, 2026 (Doc. No. 118).

3. **Discharge.** On or about October 9, 2026, after receiving Counsel's written notice of intent to withdraw via text and email, Mr. Upchurch told me by reply text message, "I already noticed your withdrawal. Glad you finally realized it yourself." A true and correct screenshot of those messages is attached to the Motion as **Exhibit B**.

4. **Public declaration.** On or about the week of October 12, 2026, Mr. Upchurch published a video on his YouTube channel, available at:

https://www.youtube.com/shorts/ToycVvktjFU

in which he stated that neither Barry Shrum, the Firm, nor I represent him. I have viewed that video. A true and correct screenshot and transcript of it are attached to the Motion as **Exhibit D**, and a true and correct copy of the native video file is being lodged with the Clerk by Notice of Conventional Filing.

5. **Communication.** Since approximately July 23, 2026, Mr. Upchurch hasn't responded meaningfully to my telephone calls, emails, or text messages, or to those of my colleagues, concerning matters on which the representation depends.

- July 23, 2026: I emailed a settlement offer from Attorney Chris Smith in the Robertson-Rodni matter. Mr. Upchurch did not respond.
- July 24, 2026: I sent a text message to Mr. Upchurch alerting him that the settlement offer was set to expire. No response from Mr. Upchurch.
- July 30, 2026: I sent a series of questions concerning efforts to settle the Robertson-Rodni matter to Mr. Upchurch via text. Mr. Upchurch, across several back and forth texts, argued other issues, but never addressed the questions asked regarding the settlement.

- August 21, 2026: I emailed Mr. Upchurch regarding a reporter seeking comment to an article concerning the trial. Mr. Upchurch never responded.
- September 11, 2026: the firm's billing administrator emailed Mr. Upchurch regarding our new billing software. He never responded.
- September 15, 2026: I sent a text to Mr. Upchurch regarding another matter (*Garnier v. Upchurch*). Mr. Upchurch texted back almost immediately, "Stop texting me."
- September 24, 2026: I emailed Mr. Upchurch that Studio Bank was trying to reach him regarding an urgent line of credit issue. He did not reply.
- October 9, 2026: I sent an email and text to Mr. Upchurch regarding the current motion filed by Attorney Chris Smith. Mr. Upchurch did not respond.
- October 9, 2026: I sent an email, text, and a U.S Postal Service letter to Mr. Upchurch, providing him notice of our intent to file a motion to seek leave to withdraw as Mr. Upchurch's attorney in all matters. Mr. Upchurch responded by text stating, "I already noticed your withdrawal. Glad you finally realized it yourself."
- October 14-22, 2026: I sent an email, text message, two FedEx letters (one to each home address we have on record) to Mr. Upchurch. I also left a detailed phone message on Mr. Upchurch's mobile phone. He has responded to none of these. However, his personal attorney at this time, Tia Bailiff, who was copied on the emails and texts, called me and acknowledged that she had spoken with Mr. Upchurch about the Court's order and the hearing date.

- October 27, 2026: In an effort to ensure I had complied sufficiently with the Court's order to contact Mr. Upchurch, I sent another very detailed text message and email to him. As of the time of this writing, he has still not responded to any of these.

6. **Payment obligations.** Mr. Upchurch's engagement of the Firm is governed by a written engagement agreement that obligates him to pay the Firm's invoices. He has made no payment on the Firm's invoices for approximately four (4) months. Our firm has sent him no less than twenty-one (21) emails and/or statements concerning payment. He hasn't cured the default. Consistent with my obligations under RPC 1.6, and because Plaintiffs hold a judgment against Mr. Upchurch, I haven't stated the outstanding balance here. I'll provide the engagement agreement, the unpaid invoices, and a supplemental declaration for *in camera* review if the Court wishes.
7. **Written notice of intent to withdraw.** On October 9, 2026, I sent Mr. Upchurch written notice of Counsel's intention to move to withdraw. Because many of my prior communications had gone unanswered, I sent the notice by email, by text message, and by United States Postal Service to both of his known addresses. These addresses will be provided the court *in camera* protect client confidentiality. A true and correct copy of the notice is attached to the Motion as **Exhibit A**.
8. Mr. Upchurch acknowledged receiving the text notice with his same-day reply text stating, "I already noticed your withdrawal. Glad you finally realized it yourself." (Ex. B)
9. Mr. Upchurch hasn't advised Counsel that any substitute counsel has been retained, and no substitute counsel has contacted the Firm as of the date of this Declaration.

10. Counsel haven't brought the Motion for delay or for any improper purpose. If the Motion is granted, Counsel will deliver Mr. Upchurch's file to him or to substitute counsel, forward to him any order entered on the pending Rule 50(b) motion, and advise him in writing that the time to appeal runs from entry of the order disposing of that motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 28, 2026, in Nashville, Tennessee.

DENNIS G. DISNEY